STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HARRY NELSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 27, 1971—Decided October 20, 1971.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Mr. Stanley C. Van Ness,* Public Defender, argued the cause for appellant (*Mr. Richard Newman,* Designated Counsel, of counsel and on the brief).

*Mr. Rollin S. Neal,* Assistant Prosecutor, argued the cause for respondent.

PER CURIAM. We find no error in the denial of an acquittal at the end of the State's case or at the close of the

whole case. The State's case would have been thin had defendant not elicited on cross-examination of Officer McClutchy that the witness had received a complaint from Mr. Doolan, who told him that three black men were coming to his home in Bergenfield at about 7 P.M. in a car with New York license plates to sell heroin to Doolan's son. That proof, taken along with all the other evidence, justified a denial of the motion for acquittal.

■ Defendant contends that since the State adduced the testimony of Frazier, one of the alleged conspirators, who purported to exculpate defendant of any knowledge of the purpose of the trip to New Jersey, it is conclusively bound thereby, even though inculpatory testimony was also adduced by the State. He cites *United States v. Vazquez*, 319 *F*. 2d 381 (3 Cir. 1963). The case is not authority for the proposition asserted. The court there held that where a government witness' testimony negated an essential incriminating fact it was bound thereby "since nowhere in the record is it [the testimony] contradicted" (at 386). Here contradictory inferences were available from the proofs other than Frazier's testimony. On principle, we do not agree with the rule projected by defendant. If the State conscientiously adduces all available testimony, including some which is exculpatory if believed but which is of debatable credibility, it ought not to be foreclosed of the opportunity to seek a conviction on other proof which is affirmatively incriminatory.

■■ Defendant's second ground of appeal is the court's granting, over objection, of the State's request that defendant roll up his sleeves and exhibit his arms to the jury. We agree this was improper in the absence of any representation by the State that such exposure would show narcotics needle marks. However, we find no prejudice in view of the State's assertion, which defendant is not able to controvert, that when the arm was exhibited no needle marks were apparent. Earlier in the trial defendant had failed to object when the State offered proof that at the time of the arrest defendant

440

showed symptoms of being under the influence of narcotics. Defendant's intimation that admission of such proof was plain error does not have our concurrence. When the charge is conspiracy to possess and sell a narcotic drug it would seem that the fact of defendant's being under the influence of a drug at the time of the overt act is not irrelevant. We do not find the exclusionary principle of *State v. Mathis,* 47 *N. J.* 455, 471–472 (1966), to be a persuasive analogy.
Affirmed.